IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


DONALD DAVIS                                                              PLAINTIFF


v.                                    NO. 2:09CV00149 HDY


MICHAEL J. ASTRUE,                                                       DEFENDANT
Commissioner of the Social
Security Administration


MEMORANDUM OPINION AND ORDER


BACKGROUND.   Plaintiff Donald Davis ("Davis") began his attempt to obtain

benefits by filing an application for disability insurance benefits pursuant to the

provisions of the Social Security Act ("Act").   His application was denied initially and

upon reconsideration.   He next requested, and received, a de novo hearing before an

Administrative Law Judge ("ALJ"), who eventually issued a decision adverse to Davis.

He then appealed the ALJ's decision.   The Appeals Council affirmed the ALJ's decision,

which became the final decision of the Commissioner of the Social Security

Administration ("Commissioner").   Davis then commenced this proceeding by filing a

complaint pursuant to 42 U.S.C. 405(g).   In the complaint, he challenged the

Commissioner's final decision.

-1-

STANDARD OF REVIEW.  The sole inquiry for the Court is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  The standard requires the Court to take into consideration "the weight of the evidence in the record and apply a balancing test to evidence which is contrary."  See Heino v. Astrue, 578 F.3d 873, 878 (8th Cir. 2009) [internal quotations and citations omitted].

THE ALJ'S FINDINGS.  The ALJ made findings pursuant to the five step sequential evaluation process.  At step one, the ALJ found that Davis has not engaged in substantial gainful activity since the alleged onset date.  At step two, the ALJ found that Davis has the following severe impairments: "a history of treatment for diabetes mellitus, back pain, and tinea pedis."  See Transcript at 14.  At step three, the ALJ found that Davis does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations.  The ALJ then assessed Davis' residual functional capacity and found that he can perform "light work with a sit/stand option." See Transcript at 18.  At step four, the ALJ found that Davis cannot perform his past relevant work because the demands of the work exceed his residual functional capacity. At step five, the ALJ found that considering Davis' residual functional capacity, age, education, and work experience in conjunction with the testimony of vocational expert, there are jobs that exist in significant numbers in the national economy that Davis can perform.  Accordingly, the ALJ concluded that Davis is not disabled within the meaning of the Act.

-2-

THE APPEALS COUNCIL.  Davis appealed the ALJ's decision.  In the course of the appeal, Davis submitted additional evidence in the form of a medical assessment from his treating physician, Dr. Scott Hall ("Hall").  The Appeals Council considered Hall's assessment but nevertheless affirmed the ALJ's decision.

DAVIS' ASSERTIONS OF ERROR.  Are the ALJ's findings supported by substantial evidence on the record as a whole?  Davis thinks not and advances the following three reasons why: (1) no explanation was given for rejecting Hall's opinions and assessment; (2) the ALJ failed to properly consider the effects of Davis' subjective complaints of pain; and (3) the ALJ failed to prove that there is other work in the national economy that Davis can perform.

THE TREATMENT OF HALL'S OPINIONS AND ASSESSMENT.  Davis first maintains that no explanation was given for rejecting Hall's opinions and assessment.  The weight to be given a treating physician's medical opinion is clear.  In Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006), the Court of Appeals articulated that weight as follows:

> A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole.  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir.2005).  We will uphold an ALJ's decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."  Id. at 920-21 …

Social Security Ruling 96-2p requires the ALJ to provide specific reasons for the weight given a treating physician's medical opinion.  The Policy Interpretation of the Ruling provides that the ALJ's decision must be sufficiently specific to make clear to a subsequent reviewer the weight the ALJ gave the treating physician's medical opinion and the reasons for that weight.

Hall examined Davis on numerous occasions between December of 1999 and April of 2007, and the record contains numerous pages of notes and impressions complied by Hall during those examinations.  <u>See</u> Transcript at 160-175, 181-220.  The ALJ made little mention of the notes and impressions in his decision, the only mention being as follows:

> [Davis] continued to receive treatment for his foot problem.  In October 2005, [he] was prescribed Neurontin three times a day for neuropathic pain.  In April 2006, [he] was prescribed Naprelyn which he had not taken as reported in a progress noted in June 2006.  In February 2007, he complained of swelling in his feet and leg pain.  [Hall] reported [Davis] had joint pain, swelling and a skin rash and diagnosed hypertension, rheumatoid arthritis, joint pain and rash.  [Davis] was prescribed Soma, Lorcet Plus and Elidel cream for rash.  The treatment [Davis] received for the last several years has been with [Hall].  [Davis] was not referred to a specialist for his foot problems.  He was prescribed creams and pain medication.

<u>See</u> Transcript at 15.  The ALJ did not specify the weight he assigned to Hall's notes and impressions.  It appears that the ALJ did not view them with much regard as he instead relied heavily upon the findings made by Drs. Sudhir Kumar, a consultative physician, and Franklin Adams, who examined Davis at Hall's request.

Davis appealed to the Appeals Council and, in the course of that appeal, submitted

a medical assessment of his condition from Hall.  <u>See</u> Transcript at 243-244.  The assessment was based, in part, upon Davis' medical history.  Hall represented that Davis' limitations were much more severe than found by the other medical professionals and the ALJ.  Hall specifically represented, <u>inter alia</u>, that Davis' impairments limited him to standing/walking for no more than thirty minutes at one time and for a total of two hours in an eight hour workday and that his impairments can be expected to cause severe pain. The Appeals Council did not specify the weight it assigned to Hall's assessment but simply noted that "this information does not provide a basis for changing the [ALJ's] decision." <u>See</u> Transcript at 6.

The Court finds there to be a lack of clarity regarding the weight given Hall's notes, impressions, and assessment.  The ALJ did not specify the weight he assigned to Hall's notes and impressions, and the Appeal Council did not specify the weight it assigned to his assessment.  It is obvious that his notes, impressions, and assessment were not given much credence, but the Court can only guess why.[1]  Because the reasons why are not sufficiently specific, a remand is warranted so that the ALJ can clarify the weight given Hall's notes, impressions, and assessment.

<u>OTHER MATTERS</u>.   Davis also maintains that the effects of his subjective

---

[1]

It is possible that the ALJ and the Appeals Council found Hall's notes, impressions, and assessment were not supported by medically acceptable clinical and laboratory diagnostic techniques; were inconsistent with other, more thorough medical evidence; and/or contained inconsistent opinions that undermined his credibility.  Those findings are not, however, evident in the record.

complaints of pain were not properly considered and there is no proof he can perform other work in the national economy.   With regard to the former assertion, Hall represented in his assessment that Davis' impairments can be expected to cause "severe pain." See Transcript at 244.   Thus, there is some evidence in the record that conflicts with the ALJ's finding that Davis' pain is not of a "duration, frequency or intensity as to be disabling nor would it preclude the performance of light work." See Transcript at 17. Upon remand, the ALJ shall re-consider Davis' subjective complaints of pain, giving the appropriate weight to Hall's finding as to the severity of Davis' pain.   Once the ALJ determines the appropriate weight due Hall's notes, impressions, and assessment, and the appropriate weight due his finding as to the severity of Davis' pain, the ALJ shall re-consider whether Davis can perform other work in the national economy.

CONCLUSION.   The ALJ's findings are not supported by substantial evidence on the record as a whole, and a remand is necessary.   Upon remand, the ALJ shall clarify the weight given Hall's notes, impressions, and assessment.   In addition, the ALJ shall determine the appropriate weight given Hall's finding as to the severity of Davis' pain and shall re-consider whether Davis can perform other work in the national economy. The ALJ's decision is reversed, and this proceeding is remanded.   This remand is a "sentence four" remand as that phrase is defined  in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).   Judgment will be entered for Davis.

IT IS SO ORDERED this ___15___ day of November, 2010.

-6-

UNITED STATES MAGISTRATE JUDGE